# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 2:18-cr-228 |
| : | JUDGE ALGENON L. MARBLEY |
| BERNARD OPPONG, : | |
| : | SEALED |
| Defendant. : | |

## PROTECTIVE ORDER AUTHORIZING DISCLOSURE AND USE OF PATIENT RECORDS

This matter comes before the Court on the United States' Motion for Protective Order. (ECF No. 24). The United States alleges the defendant, Dr. Oppong, committed health care fraud by, *inter alia*, fraudulently billing Medicaid for services not provided, billing for treatment that was not medically necessary, and dispensing a schedule-III controlled substance outside the scope of professional practice.

The United States has given notice to this Court that during the upcoming trial in this matter, "documentary evidence related to confidential substance use disorder patient records—and related testimonial evidence—will necessarily be presented in open court." (ECF No. 24 at 2). Accordingly, the United States has requested a protective order pursuant to Federal regulations to protect patient privacy.

This Court finds the United States has demonstrated good cause for the disclosure and use of these records at trial. This Court is convinced the prosecution has no other available or effective means of obtaining this information and that the need for the disclosure outweighs potential injuries caused by disclosure. This Court also finds that redaction, filing under seal, and other protective measures will sufficiently protect patient privacy in compliance with Federal regulations.

For good cause shown, and in compliance with 42 C.F.R. §§2.61-76, this Court hereby orders that:

1. The parties may use and disclose the patient records obtained through the investigation of Defendant, any co-conspirator, Health & Wellness Pharmacy, LLC and/or Health & Wellness Medical Center, LLC, consistent with this Order, for the limited purposes of prosecution of defense of this case at trial or at any related proceeding or appeal;

2. The patients' records, information, or confidential communications made for the purpose of diagnosis, treatment, or referral that are admitted at trial shall not be used to investigate or prosecute any of those patients;

3. The patients' names and social security numbers shall be redacted from the records;

4. Unredacted copies of patients' records will be available for in camera inspection at trial;

5. Unredacted copies of patients' records may only be admitted under seal, unless the patient testifies to the records at trial or provides written consent authorizing use at trial, in accordance with 42 C.F.R. §§ 2.63 and 2.31;

6. The United States shall create a patient key, which shall contain the names of the patients whose identities have been redacted, and an identifying client number for each patient;

7. Patients shall be referred to by their client number, and the court reporter shall be instructed to identify patients by their client number when identified in the transcript of the proceedings;

8. References to patients contained in the transcript of the proceeding shall be redacted by the court reporter, substituting the patient's client number for his or her name where they are named in the transcript;

9. When the evidentiary record is closed, records that are admitted and that contain patient-identifying information shall be assembled with the unredacted documents and placed under seal with instructions that the contents of the sealed envelope are subject to

restrictions against further disclosure pursuant to 42 U.S.C. § 290dd-2; 42 C.F.R. §§ 2.61—2.67; and Ohio Rev. Code § 5119.27;

10. Redacted copies of the documents may be received into evidence and maintained as part of the record;

11. Disclosure or use of patient records may be subject to other restrictions as this Court deems appropriate, either through entry of a supplemental order, or as determined by this Court during trial or any related proceeding;

12. The United States shall redact from the records offered at trial any patient confidential communications, in accordance with 42 C.F.R. § 2.63, unless the patient testifies to the statement at trial, or signs a written consent form permitting disclosure and use in these proceedings.

**IT IS SO ORDERED.**

                                                  **s/Algenon L. Marbley**
                                                  **ALGENON L. MARBLEY**
                                                  **UNITED STATES DISTRICT JUDGE**

**DATED: April 15, 2019**