IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Case No. 2:18-cr-228 |
| Plaintiff, | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : |
| BERNARD OPPONG, | : |
| | : |
| Defendant. | : |

## OPINION AND ORDER

This matter comes before this Court on two Motions from Defendant Bernard Oppong, his Emergency Motion to Vacate (ECF No. 82) as well as his Motion for Extension (ECF No. 87). This Court further considers the Government's Motion to Designate Defendant's Motion as a Motion pursuant to 28 U.S.C. §2255. (ECF No. 83).

Pursuant to the following analysis, Defendant's Motion for Extension is **GRANTED**, while his Emergency Motion to Vacate and the Government's Motion to Designate are both **DENIED**.

### I. BACKGROUND

In April 2019, after two days of jury deliberation, Mr. Oppong was convicted of one count of health care fraud, three counts of making false health care statements, and one count of conspiracy to distribute and dispense a controlled substance. (ECF No. 29). On November 13, 2020, this Court sentenced Mr. Oppong to twelve months and one day of imprisonment on each count, with the sentences to run concurrently. (ECF No. 62). The Defendant was ordered to self-surrender to the U.S. Marshal on February 12, 2021. (*Id.*). On December 30, 2020, Mr. Oppong filed a timely notice of appeal contemporaneously with a motion to stay his sentence pending the

completion of his appeal. (ECF Nos. 68, 72). The Court granted the Motion, finding Defendant's health conditions "coupled with the heightened risk of contracting COVID-19 in jails and prisons . . . present[ed] exceptional circumstances under 18 U.S.C. §3145(c)." (ECF No. 76). This Court held, however, that Defendant's release is to last only until the conclusion of his appeal, the conclusion of the current public health emergency, or until otherwise ordered. (*Id.*).

On April 26, 2022, the Sixth Circuit Court of Appeals denied Defendant's appeal and affirmed this Court's denial of Defendant's Motion for a New Trial. (ECF Nos. 80, 81). Shortly thereafter, Defendant filed the instant Motion to vacate his sentence in light of recent Supreme Court precedent. (ECF No. 82). The Government responded with a Motion of its own, asking that this Court designate Defendant's Emergency Motion as a motion pursuant to 28 U.S.C. §2255, and provide Defendant an opportunity to amend or withdraw. (ECF No. 84). Each Motion was fully briefed and is ripe for review by this Court.

## II. LAW & ANALYSIS

Before delving into Defendant's Emergency Motion, this Court resolves his request for an extension. (ECF No. 87). Defendant asks that this Court briefly extend the deadline for him to file his reply brief. (*Id.*). For good cause shown, and considering the lack of opposition from the Government, Defendant's Motion (ECF No. 87) is **GRANTED**. The Court will consider the attached reply brief (ECF No. 88) as timely.

In his Emergency Motion to Vacate, Defendant argues that the U.S. Supreme Court's decision in *Ruan v. United States*, 213 L. Ed. 2d 706 (2022) necessitates that his sentence be vacated and that he be discharged. (ECF No. 82). This decision, says Defendant, established a new rule concerning the *mens rea* required to convict a physician of healthcare prescription writing related offences. (*Id.* at 4). Because the jury in his case was not instructed on this new standard,

under which the Government must prove Defendant "knew and intended to act in an unauthorized manner[,]" Defendant asserts that his conviction must be vacated. (*Id*. at). In reply, Defendant clarifies that his Motion should be classified as one for a new trial pursuant to Fed R. Crim. P. 33(b)(1). (ECF No. 85).

The Government asks that this Court designate Defendant's Motion as a motion pursuant to 28 U.S.C. §2255 and provide him an opportunity to amend or withdraw. (ECF No. 83). The Government argues that such designation is appropriate because the Motion is substantively within the scope of § 2255, and the Court is empowered to recharacterize it as such. (*Id*. at 3–4). To the extent Defendant seeks to proceed under Rule 33, the Government argues that the Rule is reserved for newly discovered evidence and is not the appropriate means to seek relief based on a change in law. (ECF No. 86). Additionally, the Government argues that Defendant's Rule 33 Motion is untimely because it was filed more than 3 years after the verdict or finding of guilty. (*Id*. at 2).

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Whether to grant a Rule 33 motion is left to the sound discretion of the district court. *United States v. Wheaton*, 517 F.3d 350, 361 (6th Cir.2008). The defendant bears the burden of proving that a new trial is warranted. *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994). To obtain a new trial due to newly discovered evidence, a defendant must show: "(1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce an acquittal." *United States v. O'Dell*, 805 F.2d 637, 640 (6th Cir. 1986).

The standard is clear—there must have been newly discovered *evidence* for a new trial to be warranted. An interviewing change in law, however compelling, cannot constitute newly

discovered evidence under Rule 33. This Court finds no precedent, in this circuit or otherwise, that allows for such a reading of the Rule. And, while Defendant urges this Court to adopt a "liberal" definition of "evidence," such a definition would undermine the purpose of Rule 33. Most importantly, as the Government argues, there already exists an avenue for Defendant to be granted the relief he seeks—28 U.S.C. §2255.

Accordingly, given the foregoing, Defendant's Motion (ECF No. 82) is **DENIED without prejudice**. Given the more rigorous standard of review for second or successive § 2255 motions, the Court declines to recharacterize Defendant's Motion as such. The Government's request to do so (ECF No. 83) is, therefore, **DENIED**.

### III. CONCLUSION

Pursuant to the foregoing, Defendant's Motion for Extension (ECF No. 87) is **GRANTED**, his Emergency Motion to Vacate (ECF No. 82) is **DENIED without prejudice**, and the Government's Motion to Designate (ECF No. 83) is **DENIED**. Should Defendant continue to pursue this relief, he may do so under 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATED: October 11, 2022**

4